Judge Jamal N. Whitehead

_____ FILED        _____ ENTERED
_____ LODGED      _____ RECEIVED

APR 03 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMY SINISCARCO,<br><br>Defendant. | NO. CR25-052 JNW<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney Jehiel I. Baer of the Western District of Washington, Defendant Amy Siniscarco, and Siniscarco's attorney, Nancy Tenney, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.    **Waiver of Indictment.** Siniscarco, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge(s) brought by the United States Attorney in an Information.

Plea Agreement - 1
*United States v. Amy Siniscarco, CR25-052 JNW*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    2.    **The Charge(s).** Siniscarco, having been advised of the right to have this

2    matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of

3    the following charge(s) contained in the Information:    *Amended*

4            a.    Wire Fraud, as charged in Count 1 of the Information, in violation of

5    Title 18, United States Code, Section 1343;

6            *Amended*

6            b.    Filing a False Tax Return, as charged in Count 2 of the Information,

7    in violation of Title 26, United States Code, Section 7206(1).

8            By entering pleas of guilty, Siniscarco hereby waives all objections to the form of

9    the charging document. Siniscarco further understands that before entering any guilty

10   plea, Siniscarco will be placed under oath. Any statement given by Siniscarco under oath

11   may be used by the United States in a prosecution for perjury or false statement.

12   3.    **Elements of the Offense(s).** The elements of the offense(s) to which

13   Siniscarco is pleading guilty are as follows:

14           a.    The elements of Wire Fraud, as charged in Count 1, are as follows:

15           *First*, the defendant knowingly devised a scheme or plan to defraud,
         or a scheme or plan for obtaining money or property, by means of
16           false or fraudulent pretenses, representations or promises;

17           *Second*, the statements made or facts omitted as part of the scheme
18           were material; that is, they had a natural tendency to influence, or
         were capable of influencing, a person to part with money or
19           property;

20           *Third*, the defendant acted with the intent to defraud, that is, with the
21           intent to deceive and cheat; and

22           Fourth, the defendant used, or caused to be used, the interstate wires
         to carry out, or attempt to carry out, an essential part of the scheme.
23

24           b.    The elements of the offense of Filing a False Tax Return, as charged

25   in Count 2, are as follows:

26           *First*, the defendant made and subscribed a return, statement, or
27           other document that was false as to a material matter;

Plea Agreement - 2
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Second,* the return, statement or other document contained a written declaration that it was made under penalty of perjury;

*Third,* the defendant did not believe the return, statement or other document to be true as to every material matter; and

*Fourth,* the defendant acted willfully.

4.      **The Penalties.** Siniscarco understands that the statutory penalties applicable to the offense(s) to which Siniscarco is pleading guilty are as follows:

a.      For the offense of Wire Fraud, a term of imprisonment of up to twenty years, a fine of up to two hundred fifty thousand dollars, a period of supervision following release from prison of up to three years, and $100 special assessment. If Siniscarco receives a sentence of probation, the probationary period could be up to five years.

b.      For the Offense of Filing a False Tax Return, a term of imprisonment of up to three years, a fine of up to $250,000, a period of supervision following release from prison of up to one year, and $100 special assessment. If a probationary sentence is imposed, the probation period can be for up to five years.

Siniscarco understands that supervised release is a period of time following imprisonment during which Siniscarco will be subject to certain restrictive conditions and requirements. Siniscarco further understands that, if supervised release is imposed and Siniscarco violates one or more of the conditions or requirements, Siniscarco could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Siniscarco serving a total term of imprisonment greater than the statutory maximum stated above.

Siniscarco understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Siniscarco to pay restitution to any victim of the offense, as required by law.

Plea Agreement - 3
*United States v. Amy Siniscarco,* CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Siniscarco further understands that the consequences of pleading guilty may

2    include the forfeiture of certain property, either as a part of the sentence imposed by the

3    Court, or as a result of civil judicial or administrative process.

4    Siniscarco agrees that any monetary penalty the Court imposes, including the

5    special assessment, fine, costs, or restitution, is due and payable immediately and further

6    agrees to submit a completed Financial Disclosure Statement as requested by the United

7    States Attorney's Office.

8    Siniscarco understands that, if pleading guilty to a felony drug offense, Siniscarco

9    will become ineligible for certain food stamp and Social Security benefits as directed by

10    Title 21, United States Code, Section 862a.

11    5.    **Immigration Consequences.** Siniscarco recognizes that pleading guilty

12    may have consequences with respect to Siniscarco's immigration status if Siniscarco is

13    not a citizen of the United States. Under federal law, a broad range of crimes are grounds

14    for removal, and some offenses make removal from the United States presumptively

15    mandatory. Removal and other immigration consequences are the subject of a separate

16    proceeding, and Siniscarco understands that no one, including Siniscarco's attorney and

17    the Court, can predict with certainty the effect of a guilty plea on immigration status.

18    Siniscarco nevertheless affirms that Siniscarco wants to plead guilty regardless of any

19    immigration consequences that Siniscarco's guilty plea(s) may entail, even if the

20    consequence is Siniscarco's mandatory removal from the United States.

21    6.    **Rights Waived by Pleading Guilty.** Siniscarco understands that by

22    pleading guilty, Siniscarco knowingly and voluntarily waives the following rights:

23        a.    The right to plead not guilty and to persist in a plea of not guilty;

24

25        b.    The right to a speedy and public trial before a jury of Siniscarco's

26    peers;

27        c.    The right to the effective assistance of counsel at trial, including, if

Plea Agreement - 4
*United States v. Amy Siniscarco*, CR25-052 JNW

1   Siniscarco could not afford an attorney, the right to have the Court appoint one for

2   Siniscarco;

3       d.      The right to be presumed innocent until guilt has been established

4   beyond a reasonable doubt at trial;

5       e.      The right to confront and cross-examine witnesses against Siniscarco

6   at trial;

7       f.      The right to compel or subpoena witnesses to appear on Siniscarco's

8   behalf at trial;

9       g.      The right to testify or to remain silent at trial, at which trial such

10  silence could not be used against Siniscarco; and

11      h.      The right to appeal a finding of guilt or any pretrial rulings.

12      7.      **United States Sentencing Guidelines.** Siniscarco understands and

13  acknowledges that the Court must consider the sentencing range calculated under the

14  United States Sentencing Guidelines and possible departures under the Sentencing

15  Guidelines together with the other factors set forth in Title 18, United States Code,

16  Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the

17  history and characteristics of Siniscarco; (3) the need for the sentence to reflect the

18  seriousness of the offense(s), to promote respect for the law, and to provide just

19  punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

20  to criminal conduct; (5) the need for the sentence to protect the public from further

21  crimes of Siniscarco; (6) the need to provide Siniscarco with educational and vocational

22  training, medical care, or other correctional treatment in the most effective manner; (7)

23  the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

24  need to avoid unwarranted sentence disparity among defendants involved in similar

25  conduct who have similar records. Accordingly, Siniscarco understands and

26  acknowledges that:

27

Plea Agreement - 5
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      a.      The Court will determine Siniscarco's Sentencing Guidelines range at the time of sentencing;

      b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

      d.      Siniscarco may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.      **Ultimate Sentence.** Siniscarco acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.      **Statement of Facts.** Siniscarco admits Siniscarco is guilty of the charged offense(s). The parties agree on the following facts:

### *Siniscarco's Embezzlement from Her Employer*

      a.      From 2010 through August 2022, Siniscarco was employed by a Bellingham, Washington, company involved in the sale and leasing of construction equipment and hardware, which is referenced in this Information as "Victim Company." Siniscarco was eventually promoted to Assistant Office Manager for Victim Company. Siniscarco duties included, among other things, paying invoices for Victim Company's business expenses and recording those transactions in Victim Company's accounting system.

      b.      Beginning no later than about February 2013, and continuing until about August 2022, Siniscarco devised a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

Plea Agreement - 6
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    representations and promises, and Siniscarco used, and caused to be used, interstate wire

2    transmissions in furtherance of the scheme.

3           c.      The essence of the scheme and artifice to defraud was for Siniscarco

4    to enrich herself by secretly transferring corporate funds to her own accounts while

5    creating the appearance that the funds were being used for legitimate business expenses

6    of Victim Company.

7           d.      Siniscarco fraudulently wrote business checks from Victim

8    Company's accounts to accounts she controlled, as set forth below:

9                   i.      Siniscarco obtained blank business checks from Victim

10   Company's accounts, ostensibly for the purpose of processing payments for legitimate

11   invoices.

12                  ii.     In some instances, Siniscarco had an employee of Victim

13   Company with signing authority on Victim Company's accounts sign the blank checks

14   after falsely representing the intended recipient and/or intended purpose of the checks. In

15   other instances, Siniscarco forged the signature of Victim Company employees.

16                  iii.    After obtaining or forging the requisite signatures, Siniscarco

17   wrote a different payee than what was represented to Victim Company. Such payees

18   included, without limitation: "Amy Scheib," Siniscarco's previous name from an earlier

19   marriage; youth sports organizations for which Siniscarco served as treasurer, including

20   "S.W.C.H."; and "cash."

21                  iv.     Siniscarco concealed the true nature of the payments by

22   including false descriptions of the payments on the checks' memo lines. Siniscarco also

23   voided the checks on Victim Company's books and records.

24          e.      Siniscarco also utilized Automated Clearinghouse ("ACH")

25   payments to secretly transfer Victim Company's funds to herself, as set forth below:

26

27

Plea Agreement - 7
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1              i.      Siniscarco's duties at Victim Company included, without

2    limitation, overseeing and performing ACH payments, credit card payments, tax

3    payments for internet sales tax, and reconciling payments to Amazon.

4              ii.     Siniscarco abused her role by initiating ACH payments from

5    Victim Company to accounts she controlled, including, without limitation: Siniscarco's

6    personal account at North Coast Credit Union; Siniscarco's personal E*Trade account;

7    the mortgage servicer for Siniscarco's house; and the Internal Revenue Service ("IRS"),

8    for payment of a tax debt owed by her husband.

9              iii.    Siniscarco concealed the true nature of the ACH payments

10   she made to her personal accounts by labeling the payments in Victim Company's

11   accounting software as "INET TAXES," referencing taxes ostensibly owed on internet-

12   based sales.

13             iv.     Siniscarco was responsible for reconciling ACH transactions

14   at Victim Company, so her fraud went undiscovered for some time.

15        f.    Siniscarco also made unauthorized personal purchases using Victim

16   Company's credit cards, as set forth below:

17             i.      Siniscarco handled all of Victim Company's credit cards but

18   did not have a company credit card in her name.

19             ii.     Siniscarco was instructed by Victim Company's manager to

20   cancel certain company credit cards, but instead of canceling the cards, Siniscarco

21   utilized the cards to make unauthorized purchases for her personal benefit.

22             iii.    Siniscarco used Victim Company's credit cards to conduct

23   more than 1,800 unauthorized transactions on her personal Amazon account.

24             iv.     Siniscarco concealed the credit card statements from Victim

25   Company by having the statements sent electronically only to Siniscarco's work email

26   address.

27

Plea Agreement - 8
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.     Siniscarco also took petty cash from Victim Company, which she attempted to conceal by writing fraudulent business checks to replenish the petty cash in amounts she had taken.

h.     In all, from at least February 2013 through August 2022, Siniscarco secretly wrote at least 27 unauthorized checks, initiated at least 54 unauthorized ACH transactions, conducted at least 2,604 unauthorized credit card purchases, and took petty cash that collectively transferred at least $1,424,696.31 in Victim Company's funds and currency to herself or for her benefit.

### *Use of Interstate Wires*

i.     Siniscarco used the interstate wires in various ways in the course of her fraud. For example, when transferring funds from Victim Company accounts to her E*Trade account, Siniscarco caused wire transmissions that originated in the Western District of Washington and traveled to servers maintained by E*Trade and ACH processors outside of Washington including in New Jersey, Wisconsin, and Georgia. One such incident occurred on May 14, 2021, when Siniscarco initiated an ACH transfer originating in Bellingham, Washington, and terminating outside of Washington that caused a transfer of $50,000 from Victim Company's People's Bank account to Siniscarco's E*Trade account.

### *Siniscarco's Fraudulent Tax Returns*

j.     The payments Siniscarco made to herself were taxable income. However, Siniscarco did not report this income on her Form 1040 individual tax returns for the years 2013 through 2022. For each of these years, Siniscarco willfully made and subscribed a tax return under penalty of perjury that she did not believe to be true and correct as to every material matter.

k.     For example, on about March 16, 2022, Siniscarco filed under penalty of perjury a tax return for the tax year 2021. Siniscarco reported on the tax return that her joint taxable income with her husband for the tax year totaled $131,718.

Plea Agreement - 9
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Siniscarco willfully failed to report that she had received an additional $269,270 in

2  income from her employer through the embezzlement scheme described above.

3            l.      Siniscarco's failure to accurately report her income for the tax years

4  2018 through 2022 resulted in a total of $956,323.00 in unreported income and a total tax

5  loss of $226,826, which amount is due and owing.  The following table sets out the

6  amount of unreported income, and the additional tax due and owing, for each year:

|                   | 2018    | 2019     | 2020      | 2021      | 2022      | Total     |
|-------------------|---------|----------|-----------|-----------|-----------|-----------|
| Unreported Income | $98,391 | $257,448 | $213,919  | $269,270  | $117,295  | **$956,323** |
| Due and owing     | $16,326 | $61,967  | $51261    | $70,121   | $27,151   | **$226,826** |

9       The parties agree that the Court may consider additional facts contained in the

10  Presentence Report (subject to standard objections by the parties) and/or that may be

11  presented by the United States or Siniscarco at the time of sentencing, and that the factual

12  statement contained herein is not intended to limit the facts that the parties may present to

13  the Court at the time of sentencing.

14       10.    **Sentencing Factors.** The parties agree that the following Sentencing

15  Guidelines provisions apply to this case:

16            a.      With respect to Count 1:

17                 i.      A base offense level of seven, pursuant to USSG

18  § 2B1.1(a)(1);

19                 ii.     An increase of fourteen points because the loss exceeds

20  $550,000, pursuant to USSG § 2B1.1(b)(1)(I); and

21                 iii.    An increase of two points because the offense involved a

22  breach of a position of private trust, pursuant to USSG § 3B1.3.

23            b.      With respect to Count 2:

24                 i.      A base offense level of sixteen because the tax loss exceeds

25  $100,000, pursuant to USSG § 2T1.1 and 2T4.1; and

26

27

Plea Agreement - 10
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1           ii.    An increase of two points because the defendant failed to

2 identify a source of income exceeding $10,000 in any year from criminal activity,

3 pursuant to USSG § 2T1.1(b)(1).

4           c.    Adjustment for multiple counts: The offense group described in

5 Paragraph b is five levels less serious than the offense group described in Paragraph a,

6 resulting in a one-point adjustment for multiple offense units under USSG 3D1.4(a).

7        The parties agree they are free to present arguments regarding the applicability of

8 all other provisions of the United States Sentencing Guidelines. Siniscarco understands,

9 however, that at the time of sentencing, the Court is free to reject these stipulated

10 adjustments, and is further free to apply additional downward or upward adjustments in

11 determining Siniscarco's Sentencing Guidelines range.

12        11.    **Acceptance of Responsibility.** At sentencing, if the Court concludes

13 Siniscarco qualifies for a downward adjustment for acceptance of responsibility pursuant

14 to USSG § 3E1.1(a) and Siniscarco's offense level is 16 or greater, the United States will

15 make the motion necessary to permit the Court to decrease the total offense level by three

16 levels pursuant to USSG §§ 3E1.1(a) and (b), because Siniscarco has assisted the United

17 States by timely notifying the United States of Siniscarco's intention to plead guilty,

18 thereby permitting the United States to avoid preparing for trial and permitting the Court

19 to allocate its resources efficiently.

20        12.    **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of

21 Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the

22 appropriate term of imprisonment to be imposed by the Court at the time of sentencing be

23 no more than 33 months. The government may recommend any other non-custodial terms

24 of the sentence. Siniscarco is free to make any recommendation permitted by law.

25 Siniscarco understands that these recommendations are not binding on the Court and the

26 Court may reject the recommendation of the parties and may impose any term of

27 imprisonment up to the statutory maximum penalty authorized by law. Siniscarco further

Plea Agreement - 11
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  understands that Siniscarco cannot withdraw a guilty plea simply because of the sentence

2  imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties

3  are free to present arguments regarding any other aspect of sentencing.

4        13.    **Restitution.** Siniscarco shall make restitution to Victim Company in the

5  amount of $1,424,696.31, and to the United States Treasury, in the amount of

6  $226,826.00, with credit for any amounts already paid.

7              a.    The full amount of restitution shall be due and payable immediately

8  on entry of judgment and shall be paid as quickly as possible. If the Court finds that the

9  defendant is unable to make immediate restitution in full and sets a payment schedule as

10  contemplated in 18 U.S.C. § 3664(f), Siniscarco agrees that the Court's schedule

11  represents a minimum payment obligation and does not preclude the U.S. Attorney's

12  Office from pursuing any other means by which to satisfy Siniscarco's full and

13  immediately-enforceable financial obligation, including, but not limited to, by pursuing

14  assets that come to light only after the district court finds that Siniscarco is unable to

15  make immediate restitution.

16              b.    Siniscarco agrees to disclose all assets in which Siniscarco has any

17  interest or over which Siniscarco exercises control, directly or indirectly, including those

18  held by a spouse, nominee, or third party. Siniscarco agrees to cooperate fully with the

19  United States' investigation identifying all property in which Siniscarco has an interest

20  and with the United States' lawful efforts to enforce prompt payment of the financial

21  obligations to be imposed in connection with this prosecution. Siniscarco's cooperation

22  obligations are: (1) before sentencing, and no more than 30 days after executing this Plea

23  Agreement, truthfully and completely executing a Financial Disclosure Statement

24  provided by the United States Attorney's Office and signed under penalty of perjury

25  regarding Siniscarco's and Siniscarco's spouse's financial circumstances and producing

26  supporting documentation, including tax returns, as requested; (2) providing updates with

27  any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven

Plea Agreement - 12
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    days of the event giving rise to the changed circumstances; (3) authorizing the United

2    States Attorney's Office to obtain Siniscarco's credit report before sentencing; (4)

3    providing waivers, consents or releases requested by the U.S. Attorney's Office to access

4    records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

5    inspect and copy all financial documents and information held by the U.S. Probation

6    Office; (6) submitting to an interview regarding Siniscarco's Financial Statement and

7    supporting documents before sentencing (if requested by the United States Attorney's

8    Office), and fully and truthfully answering questions during such interview; and

9    (7) notifying the United States Attorney's Office before transferring any interest in

10   property owned directly or indirectly by Siniscarco, including any interest held or owned

11   in any other name, including all forms of business entities and trusts.

12            c.    The parties acknowledge that voluntary payment of restitution prior

13   to the adjudication of guilt is a factor the Court considers in determining whether

14   Siniscarco qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In

15   addition, in any event, the government will consider Siniscarco's cooperation regarding

16   restitution in making its sentencing recommendation.

17        14.    **Tax Loss Amount.** The United States and Siniscarco stipulate and agree

18   that the correct amount of tax loss for purposes of sentencing is $226,826.00. Siniscarco

19   understands that this Plea Agreement does not preclude the Internal Revenue Service

20   from assessing and determining any additional civil tax, penalties, and/or interest that

21   may be owed by Siniscarco. In addition, Siniscarco understands that Siniscarco is

22   required to pay costs of prosecution.

23        15.    **Forfeiture of Assets.** Siniscarco understands that the forfeiture of assets is

24   part of the sentence imposed in this case.

25        Siniscarco agrees to forfeit to the United States immediately all of Siniscarco's

26   right, title, and interest in any and all property, real or personal, which constitutes or is

27   derived from proceeds traceable to the wire-fraud scheme charged in Count 1 of the

Plea Agreement - 13
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Information. This property is subject to forfeiture pursuant to Title 18, United States

2  Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and

3  includes, but is not limited to, a judgment for a sum of money (also known as a forfeiture

4  money judgment) in the amount of $1,424,696.31, representing the proceeds Siniscarco

5  obtained as a result of the wire-fraud scheme charged in Count 1.

6      Siniscarco understands and acknowledges that any property forfeited will be

7  separate and distinct from any restitution that is ordered in this case.  Siniscarco further

8  understands and acknowledges to request restoration, the United States Attorney's Office

9  (the "USAO") must send a request to the Money Laundering and Asset Recovery Section

10  ("MLARS") of the Department of Justice, that includes the representations outlined in the

11  Asset Forfeiture Policy Manual (2023), Chapter 14, Sec. II.B. and 28 C.F.R. Part 9.8,

12  which are summarized as follows: (i) all known victims have been properly notified of

13  the restitution proceedings and are properly accounted for in the restitution order; (ii) to

14  the best of the USAO's knowledge and belief after consultation with the seizing agency,

15  the losses described in the restitution order have been verified, comport with the

16  remission requirements, and reflect all sources of compensation received by the victims,

17  including returns on investments, interest payments, insurance proceeds, refunds,

18  settlement payments, lawsuit awards, and any other sources of compensation for their

19  losses; (iii) to the best of the USAO's knowledge and belief after consultation with the

20  seizing agency, reasonable efforts to locate additional assets establish that the victims do

21  not have recourse reasonably available to obtain compensation for their losses from other

22  assets, including those owned or controlled by the defendant(s); and (iv) there is no

23  evidence to suggest that any of the victims knowingly contributed to, participated in,

24  benefitted from, or acted in a willfully blind manner, toward the commission of the

25  offenses underlying the forfeiture or a related offense. The USAO agrees that if it can

26  make these required representations, then the USAO will submit a restoration request to

27  MLARS, seeking approval for any assets forfeited to be restored to the victims in this

Plea Agreement - 14
*United States v. Amy Siniscarco*, CR25-052 JNW

1   case, which may, in turn, satisfy in full or part any restitution order. Siniscarco further

2   understands and acknowledges that the Attorney General, or his/her designee, has the

3   sole discretion to approve or deny the restoration request. The United States also agrees

4   that the amount Siniscarco pays toward restitution will be credited against this forfeited

5   sum.

6           Siniscarco agrees to fully assist the United States in the forfeiture of the above-

7   described property and to take whatever steps are necessary to pass clear title to the

8   United States, including but not limited to: surrendering title and executing any

9   documents necessary to effect forfeiture; assisting in bringing any property located

10  outside the United States within the jurisdiction of the United States; and taking whatever

11  steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

12  wasted, hidden, or otherwise made unavailable for forfeiture. Siniscarco agrees not to file

13  a claim to any such property in any federal forfeiture proceeding, administrative or

14  judicial, which may be or has been initiated. Siniscarco also agrees she will not assist any

15  party who may file a claim to this property in any federal forfeiture proceeding.

16          The United States reserves its right to proceed against any remaining assets not

17  identified in this Plea Agreement, including any property in which Siniscarco has any

18  interest or control, if such property constitutes or derives from proceeds of the wire-fraud

19  scheme set forth in Count 1.

20          16.    **Abandonment of Contraband.** Siniscarco also agrees that, if any federal

21  law enforcement agency seized any illegal contraband that was in Siniscarco's direct or

22  indirect control, Siniscarco consents to the federal administrative disposition, official use,

23  and/or destruction of that contraband.

24          17.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

25  the United States Attorney's Office for the Western District of Washington agrees not to

26  prosecute Siniscarco for any additional offenses known to it as of the time of this Plea

27  Agreement based upon evidence in its possession at this time, and that arise out of the

Plea Agreement - 15
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    conduct giving rise to this investigation. In this regard, Siniscarco recognizes the United

2    States Attorney's Office for the Western District of Washington has agreed not to

3    prosecute all of the criminal charges the evidence establishes were committed by

4    Siniscarco solely because of the promises made by Siniscarco in this Plea Agreement.

5    Siniscarco agrees, however, that for purposes of preparing the Presentence Report, the

6    United States Attorney's Office will provide the United States Probation Office with

7    evidence of all conduct committed by Siniscarco.

8         Siniscarco agrees that any charges to be dismissed before or at the time of

9    sentencing were substantially justified in light of the evidence available to the United

10   States, were not vexatious, frivolous or taken in bad faith, and do not provide Siniscarco

11   with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

12   (1997).

13        18.    **Breach, Waiver, and Post-Plea Conduct.** Siniscarco agrees that, if

14   Siniscarco breaches this Plea Agreement: (a) the United States may withdraw from this

15   Plea Agreement and Siniscarco may be prosecuted for all offenses for which the United

16   States has evidence; (b) Siniscarco will not oppose any steps taken by the United States

17   to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

18   Agreement; and/or (c) Siniscarco waives any objection to the re-institution of any charges

19   that previously were dismissed or any additional charges that had not been prosecuted.

20        Siniscarco further understands that if, after the date of this Plea Agreement,

21   Siniscarco should engage in illegal conduct, or conduct that violates any conditions of

22   release or the conditions of confinement (examples of which include, but are not limited

23   to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

24   pending sentencing, and false statements to law enforcement agents, the Pretrial Services

25   Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

26   to file additional charges against Siniscarco and/or to seek a sentence that takes such

27   conduct into consideration by requesting the Court to apply additional adjustments or

Plea Agreement - 16
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

2  advisory Guidelines range, and/or by seeking an upward departure or variance from the

3  calculated advisory Guidelines range. Under these circumstances, the United States is

4  free to seek such adjustments, enhancements, departures, and/or variances even if

5  otherwise precluded by the terms of the Plea Agreement.

6      19.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Siniscarco

7  acknowledges that, by entering the guilty plea(s) required by this Plea Agreement,

8  Siniscarco waives all rights to appeal from Siniscarco's conviction, and any pretrial

9  rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

10  conviction. This includes, without limitation, any constitutional challenge to the

11  Siniscarco's conviction. Siniscarco further agrees that, provided the Court imposes a

12  custodial sentence that is within or below the Sentencing Guidelines range (or the

13  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

14  Court at the time of sentencing, Siniscarco waives to the full extent of the law any right

15  conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal,

16  the sentence imposed by the Court, including any fine, restitution order, probation or

17  supervised release conditions, or forfeiture order (if applicable). This includes, without

18  limitation, any challenge to any aspect of the sentence and sentencing proceeding,

19  including any statutory or constitutional challenge to how the sentence was imposed.

20      Siniscarco also agrees that, by entering the guilty plea(s) required by this Plea

21  Agreement, Siniscarco waives any right to bring a collateral attack against the conviction

22  and sentence, including any restitution order imposed, except as it may relate to the

23  effectiveness of legal representation or a claim of prosecutorial misconduct based on facts

24  unknown or not reasonably discoverable prior to entry of the judgment of conviction.

25      Siniscarco acknowledges that certain claims, including certain claims for

26  prosecutorial misconduct, will be barred by operation of law by virtue of her guilty plea,

27  independently from this Plea Agreement. This waiver does not preclude Siniscarco from

Plea Agreement - 17
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of

2   Siniscarco's confinement or the decisions of the Bureau of Prisons regarding the

3   execution of Siniscarco's sentence.

4       If Siniscarco breaches this Plea Agreement at any time by appealing or collaterally

5   attacking (except as to claims not subject to the waiver, above) the conviction or sentence

6   in any way, the United States may prosecute Siniscarco for any counts, including those

7   with mandatory minimum sentences, that were dismissed or not charged pursuant to this

8   Plea Agreement.

9       20.   **Voluntariness of Plea.** Siniscarco agrees that Siniscarco has entered into

10  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

11  induce Siniscarco to enter a plea of guilty other than the promises contained in this Plea

12  Agreement or set forth on the record at the change of plea hearing in this matter.

13      21.   **Statute of Limitations.** In the event this Plea Agreement is not accepted by

14  the Court for any reason, or Siniscarco breaches any of the terms of this Plea Agreement,

15  or Siniscarco withdraws from this Plea Agreement after it has been accepted by the

16  Court, the statute of limitations shall be deemed to have been tolled from the date of the

17  Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea

18  Agreement by the Court; or (2) thirty days following the date on which a breach of the

19  Plea Agreement by Siniscarco is discovered by the United States Attorney's Office; or

20  (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

21  //

22

23  //

24

25  //

26

27

Plea Agreement - 18
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

22.    **Completeness of Plea Agreement.** The United States and Siniscarco acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 3rd day of April, 2025.

AMY SINISCARCO
Defendant

NANCY TENNEY
Attorney for Defendant

JEHIEL I. BAER
Assistant United States Attorney

WDWA USAO.Plea Agr.Version 14.Released 08.30.2024

Plea Agreement - 19
*United States v. Amy Siniscarco*, CR25-052 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970